UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| DR. CLYDE PEMBERTON, CHRISTIAN BAPTISTE, AND THOMAS DEBNAM, <br><br> Plaintiff, <br><br> -against- <br><br> THE CITY OF NEW YORK, et al. <br><br> Defendants. | 18-cv-07908-DAB <br><br> ANSWER TO FIRST AMENDED COMPLAINT <br><br> JURY TRIAL DEMANDED |

------------------------------------------------------------x

Defendants The City of New York, Police Officer Anthony Sengco, and Lieutentant Khandakar Abdullah by their attorney Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the First Amended Complaint, dated June 3, 2019, respectfully:

1. Deny the allegations in paragraph 1 of the complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the complaint.

7. Deny the allegations in paragraph 7 of the complaint, except admit that one woman appeared to be drunk and one woman was taken to an ambulance.

8. Deny the allegations in paragraph 8 of the complaint.

9. Deny the allegations in paragraph 9 of the complaint, except admit that plaintiffs were arrested.

10. Deny the allegations in paragraph 10 of the complaint.

11. Deny the allegations in paragraph 11 of the complaint.

12. Deny the allegations in paragraph 12 of the complaint.

13. Deny the allegations in paragraph 13 of the complaint.

14. Deny the allegations in paragraph 14 of the complaint.

15. Deny the allegations in paragraph 15 of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the complaint.

19. Deny the allegations in paragraph 19 of the complaint, except admit that the City is a municipal corporation incorporated under the laws of the State of New York, and refers to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the NYPD.

20. Deny the allegations in paragraph 20 of the complaint, except admit that on June 1, 2017, Officer Sengco was employed by the City as a police officer and that plaintiff

purports to proceed as stated therein, and state that the allegations that the officer acted in his capacity of agent, servant, and employee of the City and under color of state law are legal conclusions to which no response is required.

21. Deny the allegations in paragraph 21 of the complaint, except admit that on June 1, 2017, Lt. Abdullah was employed by the City as a lieutenant and that plaintiff purports to proceed as stated therein, and state that the allegations that the lieutenant acted in his capacity of agent, servant, and employee of the City and under color of state law are legal conclusions to which no response is required.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the complaint.

23. State that paragraph 23 of the complaint is a definition and that therefore no response is required.

24. Deny the allegations in paragraph 24 of the complaint, except admit that plaintiff has commenced an action as stated therein.

25. Deny the allegations in paragraph 25 of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

26. Deny the allegations in paragraph 26 of the complaint, except admit that plaintiff purports to base venue in this district as stated therein.

27. State that paragraph 27 is a demand for a jury trial, and that therefore no response is required.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the complaint.

43. Deny on information and belief the allegations in paragraph 43 of the complaint.

44. Deny on information and belief the allegations in paragraph 44 of the complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the complaint.

46. Deny on information and belief the allegations in paragraph 46 of the complaint.

47. Deny the allegations in paragraph 47 of the complaint, except admit that an ambulance and police arrived on the scene.

48. Deny the allegations in paragraph 48 of the complaint.

49. Deny the allegations in paragraph 49 of the complaint.

50. Deny the allegations in paragraph 50 of the complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the complaint.

53. Deny the allegations in paragraph 52 of the complaint, except admit that Lieutenant Abdullah spoke to Dr. Pemberton.

54. Admit the allegations in paragraph 54 of the complaint.

55. Deny the allegations in paragraph 55 of the complaint.

56. Deny the allegations in paragraph 56 of the complaint.

57. Deny the allegations in paragraph 57 of the complaint.

58. Deny the allegations in paragraph 58 of the complaint.

59. Deny the allegations in paragraph 59 of the complaint.

60. Admit the allegations in paragraph 60 of the complaint.

61. Deny the allegations in paragraph 61 of the complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the complaint.

63. Deny the allegations in paragraph 63 of the complaint.

64. Deny the allegations in paragraph 64 of the complaint, except admit that one of the women was arrested.

65. Deny the allegations in paragraph 65 of the complaint.

66. Deny the allegations in paragraph 66 of the complaint.

67. Admit the allegations in paragraph 67 of the complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the complaint.

69. Deny the allegations in paragraph 69 of the complaint.

70. Deny the allegations in paragraph 70 of the complaint.

71. Admit the allegations in paragraph 71 of the complaint.

72. Deny the allegations in paragraph 72 of the complaint, except refer to the criminal complaint for a recitation of its contents.

73. Deny the allegations in paragraph 73 of the complaint, except refer to the criminal complaint for a recitation of its contents.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the complaint.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the complaint.

76. Admit on information and belief the allegations in paragraph 76 of the complaint.

77. Deny the allegations in paragraph 77 of the complaint, except admit on information and belief that documents purporting to be notices and amended notices of claim were received on August 28 and February 26, 2018 respectively, and that plaintiffs submitted to examinations under GML § 50-h.

78. Deny the allegations in paragraph 78 of the complaint.

79. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the complaint.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the complaint.

81. Deny the allegations in paragraph 81 of the complaint.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the complaint.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the complaint.

84. In response to paragraph 84 of the complaint, defendants repeat and incorporate by reference their prior responses as if fully set forth herein.

85. Deny the allegations in paragraph 85 of the complaint.

86. Deny the allegations in paragraph 86 of the complaint.

87. Deny the allegations in paragraph 87 of the complaint.

88. Deny the allegations in paragraph 88 of the complaint.

89. Deny the allegations in paragraph 89 of the complaint.

90. Deny the allegations in paragraph 90 of the complaint.

91. Deny the allegations in paragraph 91 of the complaint.

92. Deny the allegations in paragraph 92 of the complaint, except state that the statement that the defendants acted under color of state law is a legal conclusion and to that allegation, no response is required.

93. Deny the allegations in paragraph 93 of the complaint.

94. Deny the allegations in paragraph 94 of the complaint.

95. In response to paragraph 95 of the complaint, defendants repeat and incorporate by reference all the prior responses as if fully set forth herein.

96. Deny the allegations in paragraph 96 of the complaint.

97. Deny the allegations in paragraph 97 of the complaint.

98. Deny the allegations in paragraph 98 of the complaint.

99. Deny the allegations in paragraph 99 of the complaint.

100. Deny the allegations in paragraph 100 of the complaint.

101. Deny the allegations in paragraph 101 of the complaint, except state that the statement that the defendants acted under color of state law is a legal conclusion and to that allegation, no response is required.

102. Deny the allegations in paragraph 102 of the complaint.

103. Deny the allegations in paragraph 103 of the complaint.

104. In response to paragraph 104 of the complaint, defendants repeat and incorporate by reference all the prior responses as if fully set forth herein.

105. Deny the allegations in paragraph 105 of the complaint.

106. Deny the allegations in paragraph 106 of the complaint, except state that the statement that the defendants acted under color of state law is a legal conclusion and to that allegation, no response is required.

107. Deny the allegations in paragraph 107 of the complaint.

108. In response to paragraph 108 of the complaint, defendants repeat and incorporate by reference all the prior responses as if fully set forth herein.

109. Deny the allegations in paragraph 109 of the complaint, except state that the allegations regarding the affirmative duty is a legal conclusion that does not require a response.

110. Deny the allegations in paragraph 110 of the complaint.

111. Deny the allegations in paragraph 111 of the complaint.

112. Deny the allegations in paragraph 112 of the complaint.

113. Deny the allegations in paragraph 113 of the complaint.

114. Deny the allegations in paragraph 114 of the complaint.

115.   In response to paragraph 115 of the complaint, defendants repeat and incorporate by reference all the prior responses as if fully set forth herein.

116.   Deny the allegations in paragraph 116 of the complaint.

117.   Deny the allegations in paragraph 117 of the complaint.

118.   Deny the allegations in paragraph 118 of the complaint.

119.   State that paragraph 119 of the complaint contains a legal conclusion, and that therefore no responsive pleading is required.

120.   Deny the allegations in paragraph 120 of the complaint.

121.   In response to paragraph 121 of the complaint, defendants repeat and incorporate by reference all the prior responses as if fully set forth herein.

122.   Deny the allegations in paragraph 122 of the complaint.

123.   Deny the allegations in paragraph 123 of the complaint.

124.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 of the complaint.

125.   State that paragraph 125 of the complaint contains a legal conclusion, and that therefore no responsive pleading is required.

126.   Deny the allegations in paragraph 126 of the complaint.

127.   In response to paragraph 127 of the complaint, defendants repeat and incorporate by reference all the prior responses as if fully set forth herein.

128.   Deny the allegations in paragraph 128 of the complaint.

129.   Deny the allegations in paragraph 129 of the complaint.

130.   State that paragraph 130 of the complaint contains a legal conclusion, and that therefore no responsive pleading is required.

131. Deny the allegations in paragraph 131 of the complaint.

132. In response to paragraph 132 of the complaint, defendants repeat and incorporate by reference all the prior responses as if fully set forth herein.

133. Deny the allegations in paragraph 133 of the complaint.

134. Deny the allegations in paragraph 134 of the complaint.

135. State that paragraph 135 of the complaint contains a legal conclusion, and that therefore no responsive pleading is required.

136. Deny the allegations in paragraph 136 of the complaint.

137. In response to paragraph 137 of the complaint, defendants repeat and incorporate by reference all the prior responses as if fully set forth herein.

138. Deny the allegations in paragraph 138 of the complaint.

139. Deny the allegations in paragraph 139 of the complaint, except state that the allegations regarding the City's obligations is a legal conclusion that does not require a response.

140. Deny the allegations in paragraph 140 of the complaint.

141. Deny the allegations in paragraph 141 of the complaint.

142. Deny the allegations in paragraph 142 of the complaint.

### FIRST AFFIRMATIVE DEFENSE:

143. The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

144. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

**THIRD AFFIRMATIVE DEFENSE:**

145.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or that of a third party and was not the proximate result of act of defendants.

**FOURTH AFFIRMATIVE DEFENSE:**

146.    There was probable cause for plaintiffs' arrests.

**FIFTH AFFIRMATIVE DEFENSE:**

147.    Punitive damages cannot be assessed against the City of New York.

**SIXTH AFFIRMATIVE DEFENSE:**

148.    At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability under state law.

**SEVENTH AFFIRMATIVE DEFENSE:**

149.    To the extent that the complaint alleges any claims arising under the laws of the State of New York, such claims are barred in whole or in part by reason of plaintiff's failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h and/or 50-i.

**EIGHTH AFFIRMATIVE DEFENSE:**

150.    Plaintiff provoked or was at fault for any alleged incident.

**NINTH AFFIRMATIVE DEFENSE:**

151.    Defendants Sengco and Abdullah acted reasonably in the proper and lawful exercise of their discretion and did not violate any clearly established constitutional or statutory rights of which a reasonable person would have known, and, therefore, they are entitled to qualified immunity.

## **TENTH AFFIRMATIVE DEFENSE:**

152. Officer Sengco and Lt. Abdullah is immune from suit under state law for their exercise of discretion in the performance of a governmental function and/or their exercise of professional judgment.

**WHEREFORE**, The City of New York, Anthony Sengco and Lieutenant Abdullah request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 10, 2019

        ZACHARY W. CARTER
        Corporation Counsel of the
        City of New York
        *Attorney for Defendants*
        *The City Of New York, Anthony Sengco and*
        *Lieutenant Khandakar Abdullah*
        100 Church Street, Rm. 3-169
        New York, New York 10007
        (212) 356-2335
        efudim@law.nyc.gov

By:   /s/ Elissa Fudim
       Elissa P. Fudim
       Senior Counsel