USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/2/2020

UNITED STATES DISTRICT COURT FOR THE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. CLYDE PEMBERTON, et al.

    Plaintiff,

v.

CITY OF NEW YORK, et al.

    Defendants.

**Case No. 18-CV-007908**

## STIPULATION AND PROTECTIVE ORDER

WHEREAS, counsel for defendants in the above-captioned action (the "Litigation") have, by and through a Subpoena to Produce Documents, requested the production of certain records in the possession of the Federal Deposit Insurance Corporation (FDIC) as Receiver for City National Bank; and

WHEREAS, the FDIC has authorized disclosure of certain confidential records (the "Confidential Records"), provided that such disclosure is made strictly under the terms and conditions of this Protective Order.

1

NOW THEREFORE, the Court hereby orders the following:

1. The Confidential Records, including all records produced by the FDIC that are marked "Confidential" or designated as confidential on Exhibit A attached hereto, and all information contained therein or related thereto, shall be held strictly confidential and may be examined and used only in connection with the preparation, discovery in connection with, trial, and appeal of the Litigation.

2. No person, including, without limitation, the parties to the Litigation, their counsel, the Court, the Clerk of the Court, court reporters, or any employee or agent of any of the foregoing, shall transcribe, copy, or disclose in any manner any information contained in or related to the Confidential Records, except upon order of the Court or as necessary for the limited purpose of the preparation, discovery in connection with, trial, and appeal of the Litigation. Subject to paragraphs 3 and 4 below, nothing in the preceding sentence is intended to prevent or prohibit the use of information contained in the Confidential Records for the purpose of interrogating witnesses at depositions or in the trial of the Litigation, or as exhibits to any motion in the Litigation.

3. Any party offering any of the Confidential Records into evidence in the trial of the Litigation, or in connection there with, shall offer only those pages or portions thereof that are relevant and material to the issues in dispute, and shall block out any portion of any page that contains information not relevant and material to such issues. The name of any person or entity contained on any page of the Confidential Records who is not a party to the Litigation, or whose name is not otherwise relevant and material to the issues in dispute, shall be blocked out prior to the admission of such page into evidence. If there is disagreement between the parties to the Litigation regarding what page or portion of any page of the Confidential Records should be

blocked out in the manner described in this paragraph, the Court shall make this determination after an *in camera* review of the Confidential Records in question.

4. If any portion of the Confidential Records is used for any purpose in the Litigation, including without limitation, use in any deposition, hearing, trial, or appeal, the parties shall make a request of the Court to file such documents documents under seal.

5. At the conclusion of the Litigation (including any appeal), the original drive used to produce the Confidential Records and all paper copies of Confidential Records in the possession or control of any person granted access to the Confidential Records under this Protective Order shall forthwith be returned to the Deputy Regional Counsel, FDIC Legal Division, at 1601 Bryan Street, Suite 1500, Dallas, TX 75201, or shall be otherwise destroyed, with the sole exception being that the Office of Corporation Counsel may retain a single electronic copy in order to comply with its statutory document retention obligations, and those electronic records will be subject to the Office of Corporation Counsel's standard destruction policy.

6. Any person granted access under this Stipulation and Protective Order to any of the Confidential Records, or to information contained therein or related thereto, who uses such Confidential Records or such information for any purpose other than the preparation, discovery in connection with, trial, or appeal of the Litigation, or otherwise violates the terms or conditions of this Protective Order, shall be subject to sanctioning by the Court.

7. The term and conditions of this Stipulation and Protective Order apply to any subsequent or supplemental process that may be issued and served on the FDIC in connection with the Litigation.

8. The Confidential Testimony and Confidential Records shall include all records or testimony identified in any amendments or modifications of Exhibit A. Any such amendment or

modification shall be effective, without need for approval by the Court or the parties to the Litigation, upon notice by the FDIC to the parties.

9. The FDIC-R is excepted from the Right to Financial Privacy Act and the Privacy Act of 1974 requirements by reason of this Protective Order, 12 U.S.C. § 3413(d), 5 U.S.C. § 552a(b)(11), and 12 C.F.R. § 310.10(b)(11) (2012), and the FDIC is authorized to release the documents requested in response to the Subpoena.

10. All parties recognize and acknowledge that the potential exists for the inadvertent production of material that is protected by the attorney-client privilege, attorney work product protection, or other applicable privilege, protection, or immunity (collectively, the "Privileged Material"). The parties agree that the production of Confidential Records under the terms and conditions of this Stipulation and Protective Order shall not constitute a waiver of any privilege or protection with respect to any Privileged Material that is inadvertently produced. In the case of any inadvertent disclosure of Privileged Material, the receiving party shall, immediately upon becoming aware of the disclosure, or, if unaware of disclosure, within five (5) business days of receipt of a written request by the producing party, return the original to the producing party, destroy all copies thereof, as well as all notes, memoranda or other documents that summarize, discuss, or quote the document, and delete any copy of the document it maintains. Return of a document over which the producing party has asserted a claim of privilege, protection, or immunity under this paragraph shall be without prejudice to the receiving party's right to seek an order from the Court directing the production of the document on the ground that the claimed privilege, protection, or immunity is invalid or inapplicable; provided, however, that mere production of the document in this action shall not constitute grounds for asserting waiver of the privilege, protection, or immunity.

11. All parties, by and through their respective counsel, agree and stipulate that no FDIC employee will be required to testify in any manner in this case pursuant to 12 C.F.R. § 309.7(c). This agreement and stipulation is required due to the FDIC's compelling interest in keeping its employees free to conduct their official duties without the distraction of testifying in private litigation, and also to avoid the appearance of bias or partiality on the part of the FDIC in this matter.

12. The Court retains unfettered discretion whether or not to afford confidential treatment to any Confidential information or information contained therein submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or discretion by the Court.

The parties are reminded to comply with the Court's Individual Rules, including the rules regarding the submission of sealed and redacted materials. Any provisions that are inconsistent with the Court's rules are hereby stricken.

Wherefore, this Stipulation and Protective Order is hereby entered into this 21st day of February 2019.

SO ORDERED.

Dated: March 2, 2020
New York, New York

By: _____
Doug Lieb, Attorney for Plaintiff

By: _____
Elissa Fudim, Attorney for Defendant

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

<u>Protective Order</u>
<u>Exhibit A</u>

**CONFIDENTIAL RECORDS**

~~Subject to the terms and conditions of the Stipulation and Protective Order, disclosure of~~ the privileged and confidential FDIC records listed or described below (Confidential Records) is hereby authorized under 12 C.F.R. § 309.6(b)(8)(ii).