SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DR. CLYDE PEMBERTON, et al.,                :
                            Plaintiffs,  :
                                       :  18 Civ. 7908 (LGS)
             -against-  :
                                       :  **OPINION AND ORDER**
CITY OF NEW YORK, et. al.,                   :
                            Defendants.  :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Clyde Pemberton alleges, among other claims, malicious prosecution and false arrest pursuant to 42 U.S.C. § 1983. After the close of discovery, Defendants the City of New York, Police Officer Anthony Sengco and Captain Khandakar Abdullah filed a letter requesting a conference to discuss filing a motion for summary judgment. After the conference, the Court issued an Order directing the parties to brief "whether the consequential damages at issue in this matter are recoverable as a matter of law." Defendants subsequently filed a partial motion for summary judgment to dismiss Pemberton's economic damage claims and Pemberton and Plaintiff Christian Baptiste's claims for criminal attorneys' fees. For the reasons below, the motion is granted in part and denied in part.

**I. BACKGROUND**

      The following facts are drawn from the record and are not disputed. Pemberton owns 49.5% of New United Corporation ("NUC"), which holds various real estate assets. NUC owns 60% of MIST Harlem ("MIST"), a restaurant and entertainment venue. Baptiste works at MIST. Pemberton is also the sole owner of Mepco Investments, Ltd. ("Mepco"), which owns a property in Jamaica.

In June 2017, Pemberton and Baptiste were arrested after an incident at MIST. They were held in the precinct for just under four hours and then released on state criminal charges. Plaintiffs appeared in court four times over the next five months, and the charges were dismissed in late November 2017.

Plaintiffs filed this suit in August 2018, alleging, among other claims, malicious prosecution and false arrest. Pemberton seeks consequential economic damages that arose from his arrest and prosecution (the "Arrest"). First, he seeks damages for the diminished realization of a tax deferral because NUC was delayed in acquiring a property needed for the deferral and for NUC's failure to pursue international expansion of a New Jersey bank. Second, he seeks damages for Mepco's delay in coordinating the repair of water damage at the Jamaican property. Third, he seeks damages for his delay in renting multiple Cayman Islands properties and acquiring property to develop and expand a beach resort in Belize.

Pemberton asserts that the Arrest caused these consequential damages. He states that the Arrest "[r]estrict[ed] his ability to travel outside the country" and "severely curtailed" his willingness to travel outside of the county due to his green card status. Pemberton also states that the Arrest "disrupt[ed] his affairs, and diver[ted] his attention" and kept him from pursuing the contracts necessary to expand the New Jersey bank as well as to promptly acquire the property needed for the tax deferral.

## II. STANDARD

Summary judgment is appropriate if the record establishes that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage, Inc. v.*

*Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The moving party "bears the burden of 'demonstrat[ing] the absence of a genuine issue of material fact.'"  *Nick's Garage, Inc.*, 875 F.3d at 114 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) (alteration in original).  The evidence is construed in the light most favorable to, and all reasonable inferences are drawn in favor of, the nonmoving party.  *Nick's Garage, Inc.*, 875 F.3d at 113.  Summary judgement is improper if there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn.  *Hill v. Curcione*, 657 F.3d 116, 124 (2d Cir. 2011); *accord Johnson v. Nat'l Football League Players Ass'n*, No. 17 Civ. 5131, 2019 WL 3531957, at *2 (S.D.N.Y. Aug. 2, 2019).

"However, a party may not rely on mere speculation or conjecture as to the true nature of facts to overcome a motion for summary judgment."  *Fed. Trade Comm'n v. Moses*, 913 F.3d 297, 305 (2d Cir. 2019) (internal quotation marks omitted).  "Conclusory . . . denials therefore are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist."  *Id*. (internal quotation marks omitted).

### III.  DISCUSSION

"The 'basic purpose' of § 1983 damages is 'to compensate persons for injuries that are caused by the deprivation of constitutional rights.'"  *Townes v. City of N.Y.*, 176 F.3d 138, 147 (2d Cir. 1999) (quoting *Carey v. Piphus*, 435 U.S. 247, 254 (1978)); *accord Noonan v. Becker*, No. 14 Civ. 4084, 2018 WL 1738746, at *4 (S.D.N.Y. Apr. 10, 2018)*, report and recommendation adopted*, No. 14 Civ. 4084, 2018 WL 2088279 (S.D.N.Y. May 3, 2018).  Defendants do not dispute this, but instead argue that (1) Pemberton cannot recover consequential damages for financial losses suffered by NUC and Mepco, and (2) the Arrest did

not proximately cause the consequential damages.  Defendants separately argue that Pemberton did not comply with Federal Rule of Civil Procedure 26, and that he and Baptiste cannot recover criminal attorneys' fees.

### A.  Damages Legal Principles

"[P]rinciples of causation borrowed from tort law are relevant to civil rights actions brought under section 1983."  *Warner v. Orange Cty. Dep't of Prob.*, 115 F.3d 1068, 1071 (2d Cir. 1996); *accord Washington v. City of N.Y.*, No. 18 Civ. 12306, 2019 WL 2120524, at *22 (S.D.N.Y. Apr. 30, 2019).[1]  Accordingly, "in all § 1983 cases, a plaintiff must prove that the defendant's action was a proximate cause of the plaintiff's injury" to recover damages.  *Gierlinger v. Gleason*, 160 F.3d 858, 872 (2d Cir. 1998); *accord Richardson v. Pratcher*, 48 F. Supp. 3d 651, 671 (S.D.N.Y. 2014).

"The proximate-cause inquiry is focused on whether the causal connection between the defendant's action and the plaintiff's injury is sufficiently direct."  *Warren v. Pataki*, 823 F.3d 125, 138 n.8 (2d Cir. 2016) (quoting *Gierlinger*, 160 F.3d at 872) (internal quotation marks omitted); *accord Harris v. City of N.Y.*, No. 15 Civ. 8456, 2017 WL 6501912, at *8 (S.D.N.Y. Dec. 15, 2017).  "[T]ort defendants, including those sued under § 1983, are 'responsible for the natural consequences of [their] actions.'"  *Washington v. City of N.Y.*, No. 18 Civ. 12306, 2019 WL 2120524, at *22 (S.D.N.Y. Apr. 30, 2019) (alterations in original) (quoting *Kerman v. City of N.Y.*, 374 F.3d 93, 126 (2d Cir. 2004)).  A defendant's actions may also be "sufficiently direct," *Warren*, 823 F.3d at 138 n.8, where the consequences can be "attributable to reasonably foreseeable intervening forces, including the acts of third parties."  *Kerman*, 374 F.3d at 126.

---

[1] For principles of tort law, the Court looks first to federal law, including federal common law, and then to New York law so long as it is not inconsistent with federal law.  *See* 42 U.S.C. § 1988(a); *accord Restivo v. Hessemann*, 846 F.3d 547, 582 (2d Cir. 2017).

4

"Generally, [though,] an intentional intervening act severs the liability of a defendant." *Richardson*, 48 F. Supp. 3d at 671. "[F]oreseeability is normally an issue of fact." *Kerman*, 374 F.3d at 127 (citing *Warner*, 115 F.3d at 1073). Consequences that are different in kind than those one would normally expect from the original wrongdoing are not reasonably foreseeable. *See Tolentino v. City of Yonkers*, No. 15 Civ. 5894, 2017 WL 4402570, at *5 (S.D.N.Y. Oct. 2, 2017); *Martin v. City of N.Y.*, 793 F Supp. 2d 583, 588 (E.D.N.Y. 2011).

In addition, "'mere conjecture, surmise or speculation is not enough to sustain a claim for damages.'" *Zamora v. Morphix Co.*, No. 15 Civ. 6532, 2018 WL 1033228, at *6 (S.D.N.Y. Feb. 21, 2018) (quoting *Fiederlein v. N.Y.C. Health & Hosps. Corp.*, 435 N.E.2d 398, 399 (N.Y. 1982)). "This rule, 'which proscribes the recovery of uncertain and speculative damages, applies where the fact of damages is uncertain, not where the amount is uncertain.'" *Id.* (quoting *Toporoff Eng'rs, P.C. v. Fireman's Fund Ins. Co.*, 371 F.3d 105, 109 (2d Cir. 2004)); *accord Nwanza v. Time, Inc.*, 125 F. App'x 346, 348 (2d Cir. 2005) (summary order) ("New York does not permit [the party] to claim actual damages for the loss of speculative, expected proceeds."); *Kiswani v. Phx. Sec. Agency, Inc.*, 247 F.R.D. 554, 561 (Bankr. N.D. Ill. 2008) ("Plaintiff claims that the arrest and prosecution caused his company . . . to lose a five-year contract . . . . This claim is totally speculative. Plaintiff has put forth no evidence to demonstrate the arrest and prosecution was the legal cause of his inability to secure this contract, nor has he shown that this was a foreseeable consequence of his arrest and prosecution."). Finally, "[p]laintiff[] bear[s] the burden of proving damages with reasonable certainty." *N.Y. v. United Parcel Serv., Inc.*, 253 F. Supp. 3d 583, 687 (S.D.N.Y. 2017) (quotation marks omitted).

### B. Indirect Damages Suffered by Plaintiff as a Shareholder

Pemberton may not recover consequential damages for NUC and Mepco's financial losses because the causal connection between the Arrest and the alleged damages to Plaintiff as a shareholder of NUC and Mepco is too indirect; proximate cause is therefore lacking. *See Warren*, 823 F.3d at 138 n.8.

Section 1983 states that a defendant is "liable to *the party injured* in an action at law." 42 U.S.C. § 1983 (emphasis added). "Section 1983 does not recognize a claim on behalf of one person arising from a violation of another person's rights." *T.P. ex rel. Patterson v. Elmsford Union Free Sch. Dist.*, No. 11 Civ. 5133, 2012 WL 860367, at *3 (S.D.N.Y. Feb. 27, 2012). Accordingly, "derivative claims [such as wrongful death and loss of consortium] are not cognizable under § 1983 since such claims do not involve an 'injury based on a deprivation of the plaintiff's rights, privileges, and immunities.'" *See Donohue v. Wing*, No. 17 Civ. 3870, 2018 WL 3973012, at *10 (E.D.N.Y. Aug. 17, 2018) (citing *Shenk v. Cattaraugus Cty.*, No. 5 Civ. 173, 2007 WL 2874427, at *6 (W.D.N.Y. Sept. 27, 2007), *aff'd*, 305 F. App'x 751 (2d Cir. 2009)), *report and recommendation adopted*, No. 17 Civ. 3870, 2018 WL 4425942 (E.D.N.Y. Sept. 17, 2018), *aff'd*, 773 F. App'x 18 (2d Cir. 2019).

Pemberton seeks damages based on financial losses of NUC and Mepco. Although Pemberton has an ownership interest in these companies, NUC's and Mepco's losses are not the same as Pemberton's. Pemberton argues that he is not asserting a traditional corporate derivative claim, in the sense that he is not -- as a shareholder -- suing on behalf of the corporation to recover damages suffered by the corporation for wrongs committed against the corporation. But his claims are derivative in the sense that he is a shareholder seeking to recover damages that he suffered only indirectly as a result of damages suffered by the corporation. In the case of NUC

6

for example, he seeks to recover for a delay in NUC's obtaining a valuable tax deferral -- which in turn allegedly caused Pemberton as a shareholder a loss of dividend income or a diminution in the value of his shares. Such damages are too attenuated from the Arrest to be recoverable as consequential damages. Relatedly, these damages are not recoverable because they were not reasonably foreseeable to Defendants, as they were "different in kind than those one would normally expect from the original wrongdoing." *Tolentino*, 2017 WL 4402570, at *5. For the same reasons, proximate cause is lacking for the other alleged economic damages to NUC and Mepco that allegedly resulted from the Arrest.

      Pemberton does not cite a single case in which a plaintiff, who happened to be a shareholder in a corporation unrelated the plaintiff's claim, recovered consequential damages to the corporation allegedly resulting from a tort or § 1983 violation against the shareholder. The cases that Pemberton cites are not helpful. In *Johnson v. City of N.Y.*, the § 1983 plaintiff, a real estate agent, suffered damages from lost income (a training session he was unable to teach, and a lost real estate deal), but he did not seek damages as a shareholder. *See Johnson v. City of N.Y.*, No. 15 Civ. 5873, 2019 WL 4279572, at *5 (E.D.N.Y. Aug. 2, 2019), *report and recommendation adopted*, No. 15 Civ. 5873, 2019 WL 4279030 (E.D.N.Y. Sept. 10, 2019). The plaintiff in *Knox v. Cty. of Putnam* sought lost income due to the loss of his business, but the Magistrate Judge did not recommend any award because the economic loss was unsupported by sufficient evidence. *See Knox v. Cty. of Putnam,* No. 10 Civ. 1671, 2014 WL 7330851, at *5-6 (S.D.N.Y. Dec. 23, 2014). In *Genovese v. Cty. of Suffolk,* 128 F. Supp. 3d 661, 680 (E.D.N.Y. 2015), the court remitted the damage amount, which included unidentified economic damages which were conceded.

Even if Pemberton as a shareholder could recover for the damage to NUC, it is likely that the causal link between the Arrest and the compromised tax deferral is too indirect and speculative to warrant recovery. As Defendants point out, NUC had four years, from January 2015 to December 2018, to purchase $35 million in real estate in order to obtain the tax deferral. Even assuming that Pemberton was somehow delayed in pursuing this project during the five months when the charges were pending, NUC had two and a half years before the Arrest, and over a year after the charges were dropped to make the purchase. Proving the critical importance of the five months at issue would be challenging to say the least. And with more developed facts, it may turn out that whatever prejudice NUC's tax deferral suffered was due to an intervening cause. Pemberton will face similar hurdles proving alleged damages based on NUC's failure to pursue international expansion of a New Jersey bank, and Mepco's delay repairing water damage at the Jamaican property, all allegedly as a result of the five-month period while his charges were pending. But these issues need not be reached because Plaintiff cannot recover consequential damages in his capacity as a shareholder for the reasons discussed.

### C. Direct Damages Suffered by Plaintiff as an Individual

Pemberton argues that the Arrest restricted his ability to travel, curtailed his willingness to travel, disrupted his affairs and diverted his attention. He states that, due to these changes, he was delayed in renting multiple Cayman Islands properties and acquiring property to develop and expand a beach resort in Belize. He states that he suffered financial losses due to the delays, and he accordingly seeks damages to recuperate those losses.

Pemberton admits that he travelled internationally several times during the pendency of his criminal charges. He also admits that no restriction was ordered by the state court. He testified that he decided not to travel "except for emergencies" after he was pulled aside by ICE

when he reentered the country, apparently because he had an open arrest. He also testified that he learned he could be stopped and evaluated for reentry every time he returned to this country, unless he obtained a Global Entry card, which he ultimately obtained. He travelled and was stopped five times before he obtained his Global Entry card, and has "been traveling on that since then." On these facts, no reasonable jury could conclude that the Arrest precluded him from travelling. He chose not to travel. He was never prevented from leaving or reentering the country. And he had no further delay or inconvenience on reentry once he obtained a Global Entry card. Consequential damages relating to restrictions on Pemberton's travel are not recoverable.[2]

### D. Rule 26 and Criminal Attorneys' Fees

The Court sought briefing on "whether the consequential damages at issue in this matter are recoverable as a matter of law." Whether Pemberton complied with Rule 26, and whether Pemberton and Baptiste may recover criminal attorneys' fees, are not relevant to the question posed here. Defendants' motion for summary judgment as to these matters is denied without prejudice. Any requests for further discovery are within the referral to Magistrate Judge Aaron.

## IV.   CONCLUSION

For the reasons stated herein, Defendants' motion for summary judgment is granted in part and denied in part. Defendants' application to preclude Plaintiff's alleged consequential damages is granted, and the application for other relief is denied without prejudice. The parties

---

[2] Even if a travel restriction had been imposed as part of Pemberton's bail, damages from the delayed business transactions in the Cayman Islands and Belize are likely too speculative to afford him recovery. He would have to have shown that, during the five months that the charges were pending, his ability to travel freely would have secured him willing tenants to lease the Cayman Islands properties and a suitable property at a suitable price to develop and expand a beach resort in Belize.

are directed to file a joint letter within seven days proposing next steps.  The Clerk of Court is respectfully directed to close Docket Nos. 57 and 64.

Dated:   July 31, 2020
         New York, New York

LORNA G. SCHOFIELD  
UNITED STATES DISTRICT JUDGE
