```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
DR. CLYDE PEMBERTON,                                        :
                                Plaintiff,                  :
                                                            :       18 Civ. 7908 (LGS)
                -against-                                   :
                                                            :       ORDER
CITY OF NEW YORK, et al.,                                   :
                                                            :
                                Defendants.                 :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on December 2, 2021, Defendants filed motions in limine in anticipation of trial. The motions are resolved as follows:

1. Defendants' motion to exclude evidence of the disciplinary history and personnel record of any officer is DENIED AS MOOT, as Plaintiff represents that he does not intend to introduce any such evidence.

2. Defendants' motion to preclude mention of the City of New York at trial or in the case caption is DENIED, as the City continues to be a party to this action. Defendants' application to preclude Plaintiff from referring to their counsel as "City Attorneys" is GRANTED as the reference may be prejudicial to the individual Defendants, and there is no probative value in permitting the reference. *See* Fed. R. Evid. 403. Defendants' motion to preclude Plaintiff from suggesting that the individual Defendants will be indemnified is DENIED AS MOOT as Plaintiff represents that he does not intend to make this suggestion.

3. Defendants' motion to preclude Plaintiff from suggesting a specific dollar amount of damages to the jury is DENIED. *See Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912-13 (2d Cir. 1997) (whether counsel can suggest specific amounts of damages to a jury "is best left to the discretion of the trial judge"); *Hable v. Metro-North Commuter R.R.*, No. 18 Civ. 1460, 2019

WL 4673564, at *6 (S.D.N.Y. Sept. 24, 2019).

4. Defendants' motion to preclude mention of any unrelated claim of officer misconduct, such as events in the media, is DENIED AS MOOT as Plaintiff represents that he does not intend to make any such mention. Defendants' motion to preclude use of the terms "testilying" and "blue wall of silence" is GRANTED, as such terms are inflammatory and have no probative value; and as to any such similar terms is DENIED WITHOUT PREJUDICE as such terms have not been identified. *See* Fed. R. Evid. 403.

5. Defendants' motion to preclude Plaintiff from arguing that his arrest was racially motivated is DENIED AS MOOT as Plaintiff represents that he does not intend to elicit testimony or argue that Plaintiff's arrest was racially motivated. Plaintiffs may elicit through testimony, and may repeat in argument, the race of the individuals involved.

6. Defendants' motion to preclude Plaintiff from mentioning economic or punitive damages that have already been excluded by the Court -- specifically consequential economic damage to Plaintiff's other businesses, direct damages from Plaintiff's inability to travel while the criminal case was pending and punitive damages -- is DENIED AS MOOT as Plaintiff represents that he does not intend to reference or seek such damages.

7. Defendants' motion to preclude Plaintiff from calling any witness who was not identified pursuant to Federal Rule of Civil Procedure 26(a), is DENIED because all of the witnesses on Plaintiff's witness list have been disclosed or were otherwise made known to Plaintiff during discovery. *See* Fed. R. Civ. P. 26(e)(1)(A).

8. Defendants' motion to preclude Plaintiff from calling Ellis Charles and Alen Barakovic as witnesses at trial, on the ground they were not identified pursuant to Rule 26(a), is DENIED, as they were known or made known to Plaintiff in this action. *See* Fed. R. Civ. P. 26(e)(1)(A). Plaintiff identified Dr. Charles in an interrogatory response as a person with

knowledge of Plaintiff's economic damages.  *See* Dkt. 35-2 at 3.  Lieutenant Barakovic was identified on Plaintiff's "may call" list for trial and was deposed in this action.  *See* Dkt. 125-1.  In sum, it is hereby

**ORDERED** that (i) Defendants' motion to exclude evidence of disciplinary history and personnel record of any officer is DENIED AS MOOT, (ii) Defendants' motion to preclude mention of the City of New York at trial or in the case caption is DENIED; Defendants' application to preclude Plaintiff from referring to their counsel as "City Attorneys" is GRANTED; Defendants' motion to preclude Plaintiff from suggesting that the individual Defendants will be indemnified is DENIED AS MOOT, (iii) Defendants' motion to preclude Plaintiff from suggesting a specific dollar amount of damages to the jury is DENIED, (iv) Defendants' motion to preclude mention of any unrelated claim of officer misconduct is DENIED AS MOOT; Defendants' motion to preclude use of the terms "testilying" and "blue wall of silence" is GRANTED, and to preclude use of similar terms is DENIED WITHOUT PREJUDICE as such terms have not been identified, (v) Defendants' motion to preclude Plaintiff from arguing that his arrest was racially motivated is DENIED AS MOOT, (vi) Defendants' motion to preclude Plaintiff from mentioning economic or punitive damages that have already been excluded by the Court is DENIED AS MOOT, (vii) Defendants' motion to preclude Plaintiff from calling any witness on Plaintiff's witness list who was not identified pursuant to Federal Rule of Civil Procedure 26(a) is DENIED and (viii) Defendants' motion to preclude Plaintiff from calling Ellis Charles and Alen Barakovic as witnesses at trial is DENIED.

The Clerk of Court is respectfully directed to record only the preceding summary paragraph in the docket and to close the motions at Dkt. No. 107.

Dated:  September 26, 2021
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

3