UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
         :
DR. CLYDE PEMBERTON,         :
                       Plaintiff,   :
        -against-          :        18 Civ. 7908 (LGS)
         :
CITY OF NEW YORK, et al.,         :        **ORDER**
                      Defendants.  :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on November 10, 2023, the parties filed a letter explaining their positions regarding whether two putatively unavailable witnesses -- Gizelle Gant and Kasseem Reedick -- may provide testimony via deposition at the trial in this matter, to commence on November 13, 2023;

      WHEREAS, Plaintiff submits that Ms. Gant currently resides in California and is unavailable to testify in person. Ms. Gant was deposed in this matter on November 18, 2019, during which counsel for all parties were present and participated in the questioning of the witness. Defendants do not dispute Ms. Gant's unavailability or the admissibility of her deposition testimony;

      WHEREAS, Mr. Reedick was deposed in this matter on November 25, 2019, during which counsel for all parties were present and participated in the questioning of the witness. Plaintiff states that Mr. Reedick resides in New Jersey, based on a November 10, 2023, phone call between Plaintiff's counsel and Mr. Reedick. Plaintiff contends that Mr. Reedick resides within the Court's subpoena radius of 100 miles. *See* Fed. R. Civ. P. 45(c)(1) ("A subpoena may command a person to attend a trial . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person."). Plaintiffs have not identified *where* in

New Jersey Mr. Reedick allegedly resides.  Defendants contest that Mr. Reedick resides within a 100-mile radius of the Court.  Defendants recently attempted to serve a subpoena on Mr. Reedick at his last known address in New Jersey, but learned that he no longer lives there.  Defendants assert that a recent public records search showed Mr. Reedick to reside in Florida.  Defendants do not have a current address for Mr. Reedick;

WHEREAS, "Federal Rule of Evidence 804 and Federal Rule of Civil Procedure 32(a) provide alternative means by which a party can introduce deposition testimony for its truth at trial." *Williams v. City of New York*, No. 19 Civ. 3347, 2023 WL 2911023, at *7 (S.D.N.Y. Apr. 12, 2023); *see also* Fed. R. Civ. P. 43 ("At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise.").  Federal Rule of Evidence 804(b)(1) permits for the admission of hearsay testimony "if the declarant is unavailable as a witness" and the testimony "was given as a witness at a . . . lawful deposition . . . and is now offered against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Under Federal Rule of Evidence 804(a)(5), a declarant is considered unavailable as a witness if the declarant "is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure the declarant's attendance."  Under Federal Rule of Civil Procedure 32(a)(4)(B) and (D), a party may use "for any purpose the deposition of a witness, whether or not a party, if the court finds . . . that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition" or if "the party offering the deposition could not procure the witness's attendance by subpoena."  "Deposition testimony that is admissible under Federal Rule of Civil Procedure 32(a)(4)(B) or (D) that is not admissible

under Federal Rule of Evidence 804, or vice versa, may still be introduced at trial, so long as such testimony would be admissible if the witness were present and testifying." *Williams*, 2023 WL 2911023, at *7; *accord AmTrust N. Am., Inc. v. KF&B, Inc.*, No. 17 Civ. 5340, 2020 WL 5552522, at *2 (S.D.N.Y. Sept. 16, 2020); *see also* 8A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2146 (3d ed. 2020) ("[T]he evidence rules contain other provisions that might make deposition testimony admissible although Rule 32(a)(4) does not.").

WHEREAS, Mr. Reddick's deposition testimony is admissible under Federal Rule of Evidence 804. His live testimony is unavailable pursuant to Federal Rule of Evidence 804(a)(1) because Defendants "ha[ve] not been able, by process or other reasonable means to procure [Mr. Reddick's] attendance." Defendants unsuccessfully attempted service at Mr. Reedick's last known New Jersey address, and have been unable to identify an accurate address within 100 miles of the Court. Defendants seek to admit the testimony of Mr. Reedick that "was given as a witness at a . . . lawful deposition, . . . and is now offered against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evidence 804(b)(1). It is hereby

**ORDERED** that the designated deposition testimony of Gizelle Gant and Kasseem Reedick is admitted subject to the Court's separate ruling on objections to such testimony.

Dated: November 11, 2023
      New York, New York

_/s/ Lorna G. Schofield_
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**
